## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LATOYA DANDY,
an individual,

    Plaintiff,

v.

WEINSTEIN, PINSON & RILEY, P.S.,
a foreign professional association, and
ANTHONY COLUNGA,
an individual,

    Defendants.
_____/

## COMPLAINT and JURY DEMAND

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under Fair Debt Collection Practices Act 28 U.S.C. §1331, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3. Plaintiff, LATOYA DANDY, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, WEINSTEIN, PINSON & RILEY, P.S., is a Washington State professional association having its principle place of business at 2001 Western Avenue, Suite 400, Seattle, Washington, and is engaged in the business of collecting consumer debts.

5. Defendant, ANTHONY COLUNGA, is a Florida licensed attorney who signed the subject complaint initiating a lawsuit against the Plaintiff, which is the basis of this lawsuit.

6. Defendants regularly use the United States Postal Service, telephones, and the Florida court system in the collection of consumer debts.

7. Defendants regularly collect or attempt to collect debts for other parties. Defendants are each a "debt collector" as that term is defined in the FDCPA.

8. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

9. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt

collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

*(b) Inadequacy of laws*

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

10. Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred as a private education loan.

11. On December 18, 2013, Defendants filed against Plaintiff a lawsuit, numbered CACE 13-026096, seeking to collect an alleged consumer debt (i.e. monetary damages) from Plaintiff. (Hereinafter, the "Complaint").

12. In the Complaint, Defendants sought to collect for their client the amount due on a promissory note allegedly signed by Plaintiff.

13. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

14. The summons attached to the Complaint reads in part as follows:

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

15.     Paragraph number 11 of the Complaint states: "Pursuant to the 11 U.S.C. §1692g(a) (sic) and §559.552 Fla. Stat., Defendant is informed that the undersigned law firm is acting on behalf of Plaintiff to collect the debt and that the debt referenced in this suit will be assumed to be valid and correct if not disputed in whole or in part within thirty (30) days from the date hereof."

16.     Plaintiff maintains that the inclusion of the information provided in Paragraph 11 of the Complaint is unnecessary and perplexing because § 1692g(d) pronounces that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."

17.     The inclusion of the information in Paragraph 11 creates the risk of default because it overshadows the time frame for filing an answer.

18.     Paragraph 11 arises from a fundamental misunderstanding of the law on the part of Defendants, to wit: a pleading could never trigger a consumer's

rights pursuant to § 1692g of the FDCPA. Irrespective of same, Defendants have chosen to incorporate this information into each and every one of their complaints.

19. Simply put, Defendants' decision to include the superfluous and contradictory paragraph could serve no other purpose but to confuse and deceive the least sophisticated consumer.

20. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S. Ct. 1605 (U.S. April 21, 2010).

21. That several other cases within the Southern District of Florida have held that similar notices support a claim for violation of the FDCPA. *See generally, Battle v. Gladstone Law Group, P.A.*, --- F.Supp.2d ----, 2013 WL 3297552 (S.D.Fla. June 28, 2013) (Martinez, J.) (finding that plaintiff had sufficiently plead FDCPA violation related to notice attached to mortgage foreclosure complaint); *Johnstone v. Aldridge Connors, LLP*, 2013 WL 6086049, *3 (S.D.Fla. Nov 20, 2013) (Cohn , J.); *Lewis v. Marinosci Law Group, P.C.*, 2013 WL 5789183, *4 (S.D.Fla. Oct 29, 2013) (Dimitrouleas, J.); *Rotenberg v. MLG, P.A.*, 2013 WL 5664886, *2 (S.D.Fla. Oct 17, 2013) (Ungaro, J.); *Hall v. MLG, P.A.*, --- F.Supp.2d ----, 2013 WL 5863012 (S.D.Fla. November 01, 2013)

(Ryskamp, J.); *Bacera v. Aldridge Connors, LLP*, Slip Copy, 2013 WL 6497835 (Dec. 11, 2013) (Moreno, J.).

## **COUNT I - VIOLATION OF 15 U.S.C. § 1692e**

22. Plaintiff re-alleges Paragraphs 1 through 21.

23. Defendants' superfluous paragraph incorrectly suggests that a consumer must dispute the debt within thirty (30) days.  To many consumers this would overshadow the time frame necessary to file a response with the Court as explained in the Summons.  Should a consumer wait until the thirtieth day to file a response, they will already be in default in accordance with the Summons.  In sum, the information included with the Complaint would be deceptive to the least sophisticated consumer with respect to their rights as both a consumer and a litigant and consequently is violative of 15 U.S.C. §§ 1692e, 1692e(10).

24. Alternatively (and in addition to the above), Defendants' superfluous paragraph incorrectly states that a consumer must dispute a debt within thirty (30) days. Many consumers believe that they may need to file a written dispute of the debt with the Court in the manner directed by the Summons.  Should a consumer first respond to paragraph 11 (as opposed to all of the allegations within the lawsuit itself), their response will then be deemed an Answer.  Once a consumer has filed an Answer, they have waived many of their legal rights and defenses, including but not limited to: (1) the right to contest service of process; (2) the right to seek a

more definite statement; and (3) the right to file a motion to dismiss. In sum, the information in paragraph 11included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently is violative of 15 U.S.C. §§ 1692e, 1692e(10).

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant for:

    a.    Statutory damages pursuant to 15 U.S.C. §1692k;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this January 24, 2014.

Respectfully submitted,

/s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651
664 E. Hallandale Beach Blvd.
Hallandale Beach, FL 33009
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Lisa McCue, Esq.
The McCue Law Firm PA
1600 S Federal Hwy Ste 750
Pompano Beach, Florida 33062-7519

Phone: 954.267.9377
Fax: 877.810.6181
E-Mail: Lisa.McCue@mccuelaw.com